UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL W. WATKINS, | ) |
|---|---|
| *Plaintiff*, | ) |
| | ) Case No. 3:21-cv-164 |
| v. | ) |
| | ) Judge Atchley |
| WILLIAM WESTIN, *et al.*, | ) |
| | ) Magistrate Judge Poplin |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants William Westin, Edward Milam, and Joe Banuelos's (collectively, "Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3) [Doc. 11]. For the following reasons, the Motion [Doc. 11] will be **GRANTED** to the extent that this Court does not have jurisdiction over Plaintiff's claims. Plaintiff's claims will be **TRANSFERRED** to the Eastern District of California.

### I.  Factual and Procedural Background

Plaintiff Michael M. Watkins, a resident of Tennessee, filed his Complaint in this District against Defendants for breach of contract, fraud, and violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 on April 30, 2021 [Doc. 1, at 1–2, 5–9]. Plaintiff sued Defendants in both their individual and official capacities, and his Complaint states that all Defendants reside in California [*Id.* at 2]. Specifically, Plaintiff alleges that: (1) Westin is a resident of Sacramento, California; (2) Milam is a resident of Fresno, California; and (3) Banuelos is a resident of Corcoran,

California [*Id.*]. Accordingly, the Court takes judicial notice that all Defendants reside in the Eastern District of California.[1]

The facts underlying Plaintiff's Complaint arise from his time as an employee within the Inspection Services Section of the California Department of Corrections and Rehabilitation ("CDCR") [*Id.* at 3–5].[2] Plaintiff claims that the Defendants induced him to accept a job with CDCR, which caused him to relocate his family to Lost Hills, California [*Id.* at 3]. The Court takes judicial notice that Lost Hills, California, is located in Kern County, which is in the Eastern District of California.

On July 28, 2021, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3) [Doc. 11]. In support of the Motion, Defendants' counsel filed a declaration stating that she sent a meet and confer letter to Plaintiff via email on July 21, 2021 [Doc. 11-1]. The letter

---

[1] "[M]atters of which a court may take judicial notice" can be considered when ruling on a motion to dismiss. *Autozone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 924 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A district court may take judicial notice at any stage of the proceeding, whether or not it is requested by the parties, of any fact "not subject to reasonable dispute" because it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. "'[G]eography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .'" *United States v. Bello*, 194 F.3d 18, 23 (6th Cir. 1999) (quoting *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980)). Courts have applied Fed. R. Evid. 201 to take judicial notice of a city or county's location within a given judicial district. *See Hall v. Rag-O-Rama, LLC*, 359 F. Supp. 3d 499, 513 n.5 (E.D. Ky. 2019) ("The Court takes judicial notice of the fact that Falmouth, in Pendleton County Kentucky sits in the Eastern District of Kentucky."); *White v. United States*, Nos. 2:10-cv-70, 2:05-cr-174, 2011 U.S. Dist. LEXIS 124690, at *26 (S.D. Ohio Oct. 26, 2011) ("The geographical location of Gallia County as being within the jurisdiction of the Southern District of Ohio, Eastern Division is a fact properly the subject of judicial notice under Rule 201."); *Meier v. Green*, No. 07-cv-11410, 2007 U.S. Dist. LEXIS 65766, at *3 n.2 (E.D. Mich. Sept. 6, 2007) ("The court takes judicial notice of the fact that Lansing is located in the Western District of Michigan.").

[2] The Court takes judicial notice that all CDCR prisons are located in California. *Facility Locator*, California Dep't of Corr. and Rehab., https://www.cdcr.ca.gov/facility-locator/ (last accessed Aug. 18, 2021). The Court finds that the geographic locations of the facilities listed are not subject to reasonable dispute. Further, courts can take judicial notice of the contents of a government website. *See e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (taking judicial notice of contents of the Bureau of Prisons' website); *Oak Ridge Envtl. Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under FED. R. EVID. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)); *Community Health Sys., Inc. v. Med. Univ. Hosp. Authority*, No. 3:20-cv-00163, 2021 U.S. Dist. LEXIS 47999, at *14 n.6 (M.D. Tenn. Mar. 15, 2021) (noting that the Court can take judicial notice of a government website when ruling on a motion to dismiss) (collecting cases).

explained the basis for Defendants' proposed Motion to Dismiss and requested a conference [*Id.*]. Defendants' counsel did not receive a response from Plaintiff regarding the meet and confer [*Id.*]. This was the second time Defendants raised the issue of jurisdiction with Plaintiff. Two months prior, on May 11, 2021, Defendants' counsel gave Plaintiff notice that Defendants did not believe the Eastern District of Tennessee had jurisdiction over this action and requested that Plaintiff dismiss the action, which he declined to do [*Id.*].

Plaintiff responded to Defendants' Motion, asking that the Court deny Defendants' Motion or, in the alternative, transfer the case to the "appropriate court in California." [Doc. 12, at 1]. Defendants' Motion to Dismiss is now ripe for review.

## II. Standard of Review

### a. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, "[t]he burden of establishing jurisdiction is on the plaintiff." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). The weight of that burden depends on how the Court resolves the Rule 12(b)(2) motion. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). When the Court rules based on the parties' written submissions, without an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*; *Am. Greetings Corp.*, 839 F.2d at 1168-69. The *prima facie* case "requires a plaintiff to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause." *Malone*, 965 F.3d at 504.

In Tennessee, the long-arm statute extends the jurisdiction of Tennessee courts to the limit permitted by the Due Process Clause. *Encore Med., L.P. v. Kennedy, D.C.*, 861 F. Supp. 2d 886, 890 (E.D. Tenn. 2012). "When a state's long-arm statute reaches as far as the limits of the Due

3
Case 3:21-cv-00164-CEA-DCP   Document 14   Filed 08/26/21   Page 3 of 7   PageID #: 65

Process Clause, the two inquiries merge, and the Court need only determine whether the exercise of personal jurisdiction violates constitutional due process." *Id.*

### b. Transfer

When a "court finds that there is a want of [personal] jurisdiction, the court shall, if it is in the interest of justice, transfer such action" to another court in which the action "could have been brought at the time it was filed or noticed[.]" 28 U.S.C. § 1631. The Court has "broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). However, "[t]ransfer is favored over dismissal because a transfer facilitates the adjudication of a dispute on the merits." *Gonzalez v. HCA, Inc.*, 2011 U.S. Dist. LEXIS 95774, at *40 (M.D. Tenn. Aug. 24, 2011) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

## III. Analysis

### a. Personal Jurisdiction

In order for a court to exercise jurisdiction over a non-resident defendant, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant's minimum contacts may create two types of personal jurisdiction, general or specific. *See Daimler AG v. Bauman*, 751 U.S. 117, 127 (2014). "General jurisdiction is found where contacts 'are so continuous and systematic as to render [a foreign defendant] essentially at home in the forum State.'" *Encore Med.*, 861 F. Supp. 2d at 891 (quoting *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012)). Specific jurisdiction, on the other hand, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Indah v. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"Dismissal under Rule 12(b)(2) is proper only if the specific facts alleged by plaintiff, taken as a whole, fail to state a *prima facie* case for personal jurisdiction." *Kent v. Hennelly*, 328 F. Supp. 3d 791, 796 (E.D. Tenn. 2018).

Construed in Plaintiff's favor, the allegations of the Complaint fail to establish general or specific jurisdiction over the Defendants, because the Complaint [Doc. 1] does not make the necessary allegations for the Court to determine Plaintiff has made a *prima facie* case for personal jurisdiction. As to general jurisdiction, Plaintiff has not alleged that any Defendant's affiliation with the desired forum state, Tennessee, is so "continuous and systematic" as to render the Defendant "essentially at home there." *Goodyear*, 564 U.S. at 919 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The facts of the Complaint plainly allege that all Defendants work and reside in California. Plaintiff makes no allegations that could show a connection between any Defendant and the state of Tennessee, and therefore, the Court finds that general jurisdiction does not exist over any Defendant.

Plaintiff also fails to make a *prima facie* showing of specific jurisdiction. Specific jurisdiction depends on the affiliation between the forum and the underlying controversy. *Malone*, 965 F.3d at 502. The United States Court of Appeals for the Sixth Circuit uses a three-factor test to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Encore Med.*, 861 F. Supp. at 891 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

The Court reiterates that there are *no* allegations in the Complaint linking any Defendant to Tennessee; rather, the only mention of Tennessee within the Complaint is to note that the Plaintiff resides there. Therefore, the Court cannot conclude that the Defendants have purposefully availed themselves to Tennessee. Further, the cause of action plainly arises from Plaintiff's employment with CDCR, and all CDCR facilities are located in California. There are no facts before the Court to suggest that *any* activity underlying this litigation took place in Tennessee when California is where Defendants made promises to Plaintiff regarding his employment, where Plaintiff conducted his work as an employee of CDCR, and where the alleged breach of Defendants' promises to Plaintiff occurred. Accordingly, Plaintiff has not shown specific jurisdiction exists as to the Defendants.

Plaintiff argues that if he is forced to litigate his case in California, the proceedings will be biased against him because the courts in California will not be an "impartial referee." (Doc. 12, at 2.) In support of this allegation, Plaintiff details unsatisfactory prior experiences with the state Attorney General's office and before California state courts in unrelated legal proceedings. (*Id.* at 2–3.) However, Plaintiff's fears alone do not and cannot rebut Defendants' correct assertion that the Court does not have jurisdiction over this action. Plaintiff has therefore failed to carry his burden of making a *prima facie* showing that personal jurisdiction exists. While the Court will draw reasonable inferences in Plaintiff's favor, it cannot create the necessary allegations on Plaintiff's behalf. Defendants' Motion to Dismiss [Doc. 11] will be granted pursuant to Federal Rule of Civil Procedure 12(b)(2).[3]

---

[3] The Court will not address Defendants' motion to the extent it seeks dismissal for lack of venue, because it finds merit in Defendants' jurisdictional grounds.

### b. Transfer

Although the Court does not have personal jurisdiction, the Court will transfer the case to the Eastern District of California in the interests of justice. This Court has not reached the merits of Plaintiff's claims, which favors transfer. *See Bauer v. Wyndham Vacation Resorts, Inc.*, No. 3:18-cv-262, 2021 U.S. Dist. LEXIS 62780, at *16–*17 (E.D. Tenn. Mar. 31, 2021) ("Though defendants request dismissal of the claims for which this Court lacks personal jurisdiction, the Court does not find dismissal to be appropriate, as it has not reached the merits."). All Defendants presently reside in the Eastern District of California, which makes venue proper there. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). Further, per the Complaint, the events giving rise to this action took place in California, where Plaintiff lived and was employed by CDCR. Accordingly, the Court finds it is in the interests of justice to transfer the case, and the case is hereby **TRANSFERRED** to the Eastern District of California.

### IV. Conclusion

For these reasons, the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3) [Doc. 11] is **GRANTED** to the extent that the Court lacks jurisdiction. The Clerk will be **DIRECTED** to **TRANSFER** this action to the Eastern District of California and **CLOSE** this Court's file.

A separate transfer order shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**